**UNITED STATES of America**

v.

**Ferdinand GONZALEZ also known as Hector Lugo**

**192**

**Ferdinand Gonzalez, Appellant.**

**No. 06–3817.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) April 18, 2008.

Filed: April 24, 2008.

Joseph T. Labrum, III, Office of United States Attorney, Philadelphia, PA, for Appellee.

Jose L. Ongay, Philadelphia, PA, for Appellant.

Before: SCIRICA, Chief Judge,
AMBRO and FISHER, Circuit Judges.

OPINION OF THE COURT

FISHER, Circuit Judge.

This appeal arises out of Ferdinand Gonzalez's guilty plea to four counts of distribution of heroin in violation of 18 U.S.C. § 841(a)(1), and the District Court's subsequent sentence of 57 months' imprisonment. After filing a timely notice of appeal, Gonzalez's counsel filed a brief and a motion to withdraw representation pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons that follow, we will grant counsel's *Anders* motion and affirm the District Court's judgment of sentence.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On May 3, 2006, Gonzalez pleaded guilty to four counts of distribution of heroin. The United States Probation Office prepared a Presentence Investigation Report ("PSR"), which the District Court adopted without any changes. Utilizing the applicable United States Sentencing Guidelines ("Guidelines"), it determined that the Total Offense Level was 23. The base offense level for a violation of 18 U.S.C. § 841(a) in which the offense included 177 grams of heroin is 26, and the PSR recommended a three-level downward adjustment for "Acceptance of Responsibility" based on Gonzalez's guilty plea and his assistance with the investigation. Additionally, Gonzalez's prior conviction, as well as the fact that he was on escape status at the time he com-

mitted these offenses, placed him in Criminal History Category III. Based on these calculations, the advisory Guidelines range was 57 to 71 months' imprisonment. Accordingly, the District Court imposed a 57 month sentence. It also imposed a fine and special assessment totaling $900, and supervised release for a term of six years.

Gonzalez filed a timely notice of appeal. Concluding that there were no nonfrivolous issues to appeal, Gonzalez's counsel filed a motion to withdraw and a supporting brief. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.

In *Anders v. California*, the Supreme Court held that "if counsel finds his [client's appeal] to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744, 87 S.Ct. 1396. In doing so, counsel must submit a brief addressing any issue that "might arguably support the appeal." *Id.*; see also L.A.R. 109.2(a).[1] We must then determine whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. In making this determination, we evaluate: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001).

### A.

Under the first prong of this inquiry, counsel must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and ... explain why the issues are frivolous." *Youla*, 241 F.3d at 300. In his brief, counsel addressed three possible issues: (1) whether the District Court had jurisdiction to take Gonzalez's guilty plea and impose sentence; (2) whether the guilty plea was valid; and (3) whether the District Court properly calculated the sentence and the sentence was reasonable. Counsel also provided an explanation as to why each issue is frivolous. Having reviewed counsel's brief and the accompanying materials, we conclude that he has satisfied this requirement.

### B.

After concluding that counsel has satisfied the first prong, we must then review the record and determine whether any nonfrivolous issues for appeal exist. "[A]n appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (quoting *Anders*, 386 U.S. at 744, 87 S.Ct. 1396). Although our review is independent, if the *Anders* brief appears to be adequate on its face, a "complete scouring of the record" is unnecessary. *Youla*, 241 F.3d at 301. Instead, we can allow the *Anders* brief to guide our review. *Id.* In the present case, counsel's *Anders* brief is adequate on its face, and thus, it will guide our review.

First, counsel raises the issue of the District Court's jurisdiction to conduct Gonzalez's plea colloquy and impose sentence. However, he established that this issue lacks merit because the District

---

**1.** Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which shall be served upon the appellant and the United States."

Court has jurisdiction "of all offenses against the laws of the United States" pursuant to 18 U.S.C. § 3231. Therefore, the District Court properly exercised jurisdiction over the plea and sentencing proceedings.

Second, counsel raises the issue of whether Gonzalez's guilty plea was valid. For a guilty plea to meet the constitutional requirements established in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and the statutory requirements of Federal Rule of Criminal Procedure 11, we have stated that, during the plea colloquy:

> "The court must advise the defendant, inter alia, of the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines [and] ... discretion to depart from those guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.... The district court must ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty."

*United States v. Schweitzer*, 454 F.3d 197, 202–03 (3d Cir.2006) (internal quotation marks and citations omitted). After re-

viewing the record of the plea colloquy, we conclude that the District Court thoroughly advised Gonzalez of all of the above issues, and Gonzalez indicated that he understood the consequences of his plea. Therefore, this issue lacks merit.

Finally, we agree with counsel that no nonfrivolous issues exist as to the District Court's sentencing of Gonzalez. The District Court properly calculated the Guidelines range of 57 to 71 months as required by *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006).[2] Moreover, Gonzalez's sentence was not unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny because the District Court adequately considered the 18 U.S.C. § 3553(a) factors in determining Gonzalez's sentence. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir.2006). Accordingly, our independent review of the record demonstrates that Gonzalez has no nonfrivolous issues for appeal.

### III.

For these reasons, we will grant defense counsel's *Anders* motion and affirm Gonzalez's conviction and the sentence imposed by the District Court.[3]

---

2. At Gonzalez's sentencing, he objected to the calculation of his Criminal History Category, arguing that a finding of fact that increases the defendant's sentence must be found by a jury with proof beyond a reasonable doubt. However, we have held that, where the relevant facts do not increase the defendant's maximum punishment but instead merely assist the District Court in administering its broad discretion under the Guidelines, the District Court may find facts using a preponderance of the evidence standard. *United States v. Grier*, 475 F.3d 556, 565–68 (3d Cir.2007) (en banc). We then review those

findings of fact for clear error. *See id.* at 569. In the present case, the District Court's finding that Gonzalez was on escape status at the time he committed the instant offense did not change the maximum sentence to which he was exposed, and its finding by a preponderance of the evidence was not clearly erroneous. Therefore, the District Court did not err in calculating the Guidelines range.

3. As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme

Court on Gonzalez's behalf. *See* L.A.R. 109.2(b).